Consolidated Carpet Workroom, LLC v Richter & Ratner Contr. Corp. (2023 NY Slip Op 01941)

Consolidated Carpet Workroom, LLC v Richter & Ratner Contr. Corp.

2023 NY Slip Op 01941

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Renwick, A.P.J., Moulton, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 160595/16 Appeal No. 32 Case No. 2022-00328 

[*1]Consolidated Carpet Workroom, LLC, Plaintiff,
v
Richter & Ratner Contracting Corporation, Defendant-Appellant-Respondent, Jazz at Lincoln Center, Inc., et al., Defendants-Respondents-Appellants, "John Doe 1-10," Defendants.

Troutman Pepper Hamilton Sanders, LLP, New York (Frank T. Cara of counsel), for appellant-respondent.
Tuttle Yick LLP, New York (Gregory O. Tuttle of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about October 27, 2021, which, to the extent appealed from as limited by the briefs, denied construction contractor defendant Richter and Ratner Contracting Corporation's (R&R) motion for summary judgment on its indemnification cross claims against defendant Jazz at Lincoln Center Inc. (Jazz), granted summary judgment to Jazz on its contractual indemnification cross claim against R&R, and denied partial summary judgment on Jazz's breach of contract claim against R&R for liability for the defective installation of a carpet by R&R and its subcontractor, plaintiff Consolidated Carpet Workroom, LLC, unanimously modified, on the law and facts, to dismiss R&R's indemnification cross claims and grant partial summary judgment to Jazz on its breach of contract claim against R&R, and otherwise affirmed, without costs.
Defendant Jazz, owner of a nonprofit music venue at 10 Columbus Circle, entered into a Construction Management Agreement (CMA) hiring defendant R&R as construction manager for an $18.5 million renovation of the space. In connection with the renovation project, R&R entered into a direct subcontract agreement with plaintiff Consolidated for a $475,000 installation of a specialty carpet. According to Jazz, there were defects in the installation and appearance of the carpet that needed to be remedied.
When the project was not completed by the CMA's December 2016 "substantial completion date," Jazz and R&R entered into a July 2016 "Completion Agreement," in which R&R guaranteed it would finish the remaining work, including punch list items, by a date certain. However, with respect to remaining carpet design and installation issues, the Completion Agreement included Section 5.9, which states: "R&R shall not be obligated to complete the work attendant to remediation of the carpet throughout the premises. In consideration for being released from the obligation related to the carpet, [R&R] agrees to: (1) assign in writing to [Jazz] all right, title and interest in the contracts associated with the manufacture, purchase and installation of the carpet; and (2) a reduction by [Jazz] in the sum of Fifty Thousand Dollars . . . is reflected in the final payment made to [R&R]."
Consolidated commenced this action against Jazz and R&R, alleging breach of contract and related claims, and alleging that it was not fully paid by R&R for approximately $120,000 of the work it performed on the project. R&R answered/counterclaimed and cross-claimed against Jazz for contractual and common-law indemnification as to Consolidated's claims against it. Jazz answered/counterclaimed and cross-claimed against R&R for breach of its obligations under the CMA to supervise Consolidated's work.
The court correctly denied summary judgment to R&R on its cross claim seeking a ruling that it is owed contractual indemnification by Jazz under section 5.9 of the Completion Agreement. The plain language of section [*2]5.9 makes clear that Jazz released R&R only from its obligation to perform or supervise the remediation and completion of the carpet installation. It does not contemplate releasing R&R from, or indemnifying R&R for any liability related to R&R's direct or supervisory work on the carpet installation (see Greenfield v Philles Records , 98 NY2d 562, 569 [2002]). Nor is there a proper basis for finding that R&R is entitled to indemnification from Jazz under the common law. We note that, for the same reasons, the court properly granted Jazz's motion for summary judgment dismissing these cross claims.
The court correctly granted summary judgment to Jazz on its contractual indemnification cross claim against R&R. Contrary to R&R's argument, its obligation to indemnify Jazz under the Construction Management Agreement was not released by section 5.9 of the Completion Agreement.
Furthermore, Jazz is entitled to a summary judgment ruling as to R&R's liability for breach of contract in connection with the defective installation of the carpet. While issues of fact remain with respect to which party — plaintiff subcontractor or R&R  is responsible for which aspect of the defective installation, and the amount of damages owed, the record establishes that the carpet was defectively installed, and that R&R is liable to Jazz for the defective installation pursuant to the CMA.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023